

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 2, 1962

Honorable William J. Murray, Jr.          Opinion No. WW-1410
Chairman, Railroad Commission
  of Texas                                Re:  Whether the Railroad
Austin, Texas                                  Commission has authority
                                               to authorize railroads
                                               to assess and collect
                                               a charge, in addition
                                               to the fare for trans-
                                               portation, for checking
Dear Mr. Murray:                               and handling baggage.


        We have received your letter in which you state that
certain Texas railroads have filed an application for authority
to assess what they refer to as a service charge for checking
and handling baggage at passenger stations.  The question pro-
pounded by you is as follows:

        Whether it would be lawful for the Commission to au-
thorize the railroads to assess a separate charge for receiving,
checking and handling baggage at their stations; and whether
it would be lawful for the railroads to assess such charge, if
authorized by the Commission to do so.

        You enclose a copy of the notice of hearing by the
Commission on the application of the railroads which states the
facts upon which they rely in support of their request, which
facts are stated as follows:

        "The carriers named in Note 1 desire to collect
    a service charge of 25¢ per piece of hand baggage,
    and 50¢ per trunk, for checking of hand baggage and
    trunks at passenger stations on their lines.  The
    proposed charges are for the clerical service of
    checking and the labor of handling baggage to the
    train at origin stations only, and they are not pro-
    posed as charges for transportation on the train.
    They would be collected and retained by the origin
    carrier.

        "The checking of passenger's baggage for trans-
    portation in the baggage car involves a substantial
    amount of additional service.  The passenger's ticket
    must be examined and either punched or endorsed to

show the checking of the baggage. The passenger is advised of the limitations of weight and value within which no added charge is made, and a valuation blank must be filled out where the valuation is not within that limitation. As a general rule, the hand baggage must be weighed where there is more than one piece per ticket. All trunks must be weighed, with the possible exception of light foot-lockers. When baggage is checked through to a point on the line of some other railroad and vehicular transfer between stations at some intermediate connecting point is required, the baggageman must examine the tariff to determine the charge for the transfer, collect the charge, issue a transfer tag which is attached to the baggage, and make the required entries on the station record sheet.

"If a passenger declares a value in excess of the free allowance, the baggageman collects the charge for the excess value, issues an excess value stamp and records the number of the stamp on the desk sheet and on the valuation blank. This excess value stamp is then affixed to the back of the passenger's portion of the baggage check as a receipt and indication of the amount of protection. When baggage for a single ticket exceeds 150 pounds, excess charges are made for the extra weight, and excess weight baggage checks are issued showing the excess weight and that the charges have been paid.

"Each piece of baggage handled is recorded on a forwarding waybill by description, check number, destination, and condition. The baggage is then loaded on a truck and taken to the car door of the train baggage car. After the baggage is loaded in the car, the train baggageman signs the waybill, retains the original and returns the duplicate which must be kept on file at the origin station. When trunks or other heavy baggage are brought to a station by a transfer company, a claim check is attached to each piece of baggage. Before this baggage can be checked on a passenger's ticket, the claim check must be surrendered to the railroad agent who must first ascertain whether or not the baggage has arrived at the baggage room and its condition.

"The establishment of the baggage checking charges herein proposed is made necessary by the steadily mounting costs of the described service

as an aid, so far as practicable, toward reduction of the ever-increasing deficits from passenger service operations. The average station labor cost of handling each piece of check baggage is considerably in excess of the proposed charges, not taking into consideration the overhead costs nor direct costs which should be allocated to baggage service, such as the printing of baggage checks, waybill forms, and other documents necessary in checking baggage.

"Applicants do not look upon the proposed charge as a major source of revenue, and feel that the additional cost per passenger is nominal when considering the burden of expense in performing deficit operation of passenger service, contributed to by the cost of such baggage service.

"Similar service charges for the checking of hand baggage and trunks have been in effect in Eastern and Southern sections of the United States since November 1953, in New England territory since February 1955, and in Western territory since April 15, 1958, and, to the best knowledge of your petitioners, the general public reaction has not been adverse. Your petitioners feel that the proposed charges constitute a justifiable step toward protection against the ever-increasing passenger deficits, and that such charges will not cause any diversion of passenger traffic from the railroads.

"The proposed charges are in effect for interstate traffic and for other Western states for intrastate traffic, and it is the sincere desire of your petitioners that authority be granted to make the same charges in connection with Texas intrastate traffic in order that the arrangements for interstate and intrastate traffic may be maintained on a uniform basis, and for the other reasons as herein stated."

The only statutory provisions we find pertaining to baggage are Articles 6369 and 6416, V.A.C.S., which read as follows:

"Art. 6369. Baggage
"A check shall be affixed to every package or parcel of baggage when taken for transportation by the agent or servant of such corporation, and a duplicate thereof given to the passenger or person delivering the same on his behalf; and, if such

check be refused on demand, the corporation shall pay to such passenger the sum of ten dollars, to be recovered in an action of debt; and further, no fare or toll shall be collected or received from such passenger; and, if such passenger shall have paid his fare, the same shall be refunded by the conductor in charge of the train."

"Art. 6416.  Passenger fare
"The passenger fare upon all railroads in this State shall be three cents per mile, with an allowance of baggage to each passenger not to exceed one hundred pounds in weight; . . ."

Both of the above Articles were enacted long before the Railroad Commission was created in 1891.  Article 6369, pertaining to baggage, was originally enacted in 1854 (P.D. Article 4895) which reads practically identical as it now reads and was originally codified as Article 4230, Revised Civil Statutes of 1879, and later carried forward in identical language in Articles 4505, 6562, and 6369, Revised Civil Statutes, 1895, 1911, and 1925 respectively.

It is apparent that it was the purpose of this statute to require the railroads to furnish to each passenger tendering baggage a check or receipt showing that it had received baggage from the passenger rather than allowing the railroad to take possession of the baggage without giving the passenger some evidence of its receipt by the railroad.  This statute does no more than require such check or receipt to be given to the passenger and does not either provide for, or forbid, the collection of any charge for handling the same in the manner mentioned above.  There is considerably more time, trouble, and expense incurred by the railroads other than putting a tag on the baggage and delivering a duplicate to the passenger.

It appears that the Legislature prior to 1883 had never prescribed any particular fare for the transportation of passengers.  The first statutory reference we find to passenger fares is an Act of 1853 (P.D. Article 4899), which merely prescribes that it shall be lawful for the Legislature at any time to prescribe the rates to be charged for transportation of persons and property upon any road should they be deemed too high, and it may exercise the same power every ten years.

The next Act pertaining to fares is found in Section 9, page 67, of the Acts of the 18th Legislature, Regular Session (1883), which for the first time prescribed a specific fare for passenger transportation and sets the same at 3 cents per mile with an allowance of baggage to each passenger not

to exceed 100 pounds in weight. The same identical language was carried forward in Articles 4542, 6618, and 6416, Revised Civil Statutes, 1895, 1911, and 1925 respectively. There has not been any change in the statute setting passenger fares since its original enactment in 1883. This same Act also provided for the appointment of a State Engineer who was given authority to make investigations pertaining to railroads but without any regulatory powers.

It is to be noticed that while Article 6416 provides for a 3 cent passenger fee and an allowance of 100 pounds of baggage, it says nothing with reference to any charge that may be authorized for handling baggage as above mentioned. It only provides for a charge of 3 cents per mile for the transportation of a passenger and 100 pounds of baggage.

The Railroad Commission was not created until 1891 (Acts, 22nd Legislature, Regular Session, Chapter 51, page 55). We see, then, that the provisions of present Articles 6369 and 6416 were enacted in identical language before the Commission was created. Prior to the creation of the Commission there was no State agency authorized to make any change in the fares to be charged for the transportation of passengers or to prescribe any charge for any particular service that the railroads might perform; that could be done only by the Legislature.

The original Act creating the Commission gave it broad powers in connection with the regulation of railroads. The main provisions of this Act are now found as Chapter 11, Title 112, Revised Civil Statutes of 1925 (V.C.S., Articles 6444-6519). Articles 6369 and 6416 as above stated are not a part of the Act creating the Railroad Commission. Section 3 of the original Act of 1891 has been carried forward in successive codifications down to Article 6448, V.C.S.

Two of the pertinent sections of Article 6448 are as follows:

"Art. 6448. Duties
"The Commission shall:

"1. Adopt all necessary rates, charges and regulations, to govern and regulate freight and passenger traffic, to correct abuses and prevent unjust discrimination and extortion in rates of freight and passenger traffic on the different railroads in this State.

" . . .

"9. Make and establish reasonable rates for the transportation of passengers over each railroad subject hereto, which rates shall not exceed the rates fixed by law. The Commission shall have power to prescribe reasonable rates, tolls or charges for all other services performed by any railroad subject hereto.

". . ." (Emphasis added)

The above provisions give the Commission broad authority to adopt rates, charges, and regulations to govern and regulate passenger traffic except that the rates shall not exceed the rates fixed by law. In other words, the Commission may now determine the amount required for the transportation of passengers so long as it does not provide for a fare in excess of 3 cents per mile and authorizes as part of said transportation an allowance of 100 pounds of baggage for each passenger.

It is also to be noticed that Section 9 as above quoted provides that the Commission shall have power to prescribe rates or charges for all other services performed by railroads. Since the statute pertaining to the fare allowed to be charged pertains only to the transportation of the passenger and 100 pounds of baggage it appears that the handling of baggage as above quoted constitutes "other services", since the other services consist of necessary time, trouble, and expense of the railroads in handling baggage in the manner as they have above described their operations.

The roads are authorized to make such charge for handling baggage in interstate transportation. If it is a proper and reasonable charge for interstate transportation, we believe it is just as proper and reasonable to allow such charge for intrastate transportation. It is just as much trouble, time, and expense for the railroads to look after the handling of baggage at its stations and to check same for transportation from Austin to San Antonio as it is to handle and check the baggage from Austin to St. Louis or other points outside the State.

We again call attention to the last sentence of Section 9 of Article 6448 above quoted which provides that in addition to setting the rates for passenger fares, which necessarily includes the transportation of 100 pounds of baggage, the Commission has authority to prescribe reasonable rates, tolls, or charges for other services provided by the railroads.

The views expressed herein are in line with Opinion No. 0-6587 of this office dated June 13, 1945, which held that under the provisions of Section 9 of Article 6448 authorizing the Commission to prescribe reasonable rates, tolls, or charges for "all other services", the Commission may prescribe reasonable charges in excess of the maximum fare of 3 cents provided for by Article 6416 for the transportation of passengers on special passenger cars and special passenger trains.

You are advised that it is our opinion that your question should be answered in the affirmative.

### S U M M A R Y

The Railroad Commission has authority to authorize railroads to assess a charge, in addition to the fare for transportation, for checking and handling baggage of a passenger.

Very truly yours,

WILL WILSON
Attorney General of Texas

By H. Grady Chandler
Assistant

HGC:dsd


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Gordon Zuber
Bill Colburn
W. O. Shultz

REVIEWED FOR THE ATTORNEY GNEERAL
BY: Leonard Passmore